UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,   Criminal No. 13-280(1) (DWF/LIB)

    Plaintiff,

v.   ORDER ADOPTING REPORT
AND RECOMMENDATION

Dylan Wesley Stately,

    Defendant.

This matter is before the Court upon Defendant Dylan Wesley Stately's ("Defendant") objections (Doc. No. 39) to Magistrate Judge Leo I. Brisbois's January 22, 2014 Report and Recommendation (Doc. No. 38) insofar as it recommends that: (1) Defendant's Motion to Suppress Statements, Admissions, and Answers be denied with respect to two of Defendant's five statements (consent to search the vehicle and booking process statement); and (2) Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure be denied. The Government filed a Response to Defendant's Objections to the Report and Recommendation on February 5, 2014. (Doc. No. 40.)

The Court has conducted a *de novo* review of the record, including a review of the arguments and submissions of counsel, pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b). The factual background for the above-entitled matter is clearly and precisely set forth in the Report and Recommendation and is incorporated by reference

for purposes of Defendant's objections. Having carefully reviewed the record, the Court concludes that Defendant's objections do not warrant departure from the Magistrate's ultimate Recommendation.

Defendant argues that law enforcement did not have reasonable suspicion to stop Defendant's vehicle based on uncorroborated tips. (Doc. No. 39 at 3-7.) Defendant further claims that he did not provide voluntary consent to search his vehicle. (*Id.* at 7-9.) Finally, Defendant asserts that his statement made during the booking process should be suppressed. (*Id.* at 9-10.)

With respect to the traffic stop, the totality of the facts and circumstances known to the officers at the time of the stop—including the shots fired call, the location of shell casings, and the witness description of the vehicle seen in the area—were sufficient to support a reasonable, articulable suspicion of criminal activity. Insofar as Defendant challenges the search of the vehicle, notwithstanding the circumstances of the traffic stop, there is no evidence that Defendant's consent to search was obtained by unduly coercive means or that his consent was otherwise involuntary. *See United States v. Chaidez*, 906 F.2d 377, 382 (8th Cir. 1990). With regard to Defendant's statement during the booking process, there is no support for Defendant's claim that his statement regarding blood on his shoe—when pointed out by Sergeant Johnson to other officers for "safety reasons"--was the product of "prior, improper" custodial interrogation. (*See* Doc. No. 39 at 10.)

The Court thus concludes, as did Magistrate Judge Brisbois, that Defendant has failed to establish that suppression of either his statement during the booking process or the evidence seized during the search of his vehicle is warranted.  Consequently, the Court overrules Defendant's objections and adopts the Report and Recommendation.

Based upon the *de novo* review of the record and all of the arguments and submissions of the parties, and the Court being otherwise duly advised in the premises, the Court hereby enters the following:

### ORDER

1. Defendant Dylan Wesley Stately's objections (Doc. No. [39]) to Magistrate Judge Leo I. Brisbois's January 22, 2014 Report and Recommendation are **OVERRULED**.

2. Magistrate Judge Leo I. Brisbois's Report and Recommendation (Doc. No. [38]) is **ADOPTED**.

3. Defendant Dylan Wesley Stately's Motion to Suppress Statements, Admissions, and Answers (Doc. No. [24]) is **GRANTED IN PART** and **DENIED IN PART** as set forth in the Report and Recommendation.

4. Defendant's Motion to Suppress Evidence Obtained as a Result of Search and Seizure (Doc. No. [25]) is **DENIED**.

Dated:  February 20, 2014            s/Donovan W. Frank
                                     DONOVAN W. FRANK
                                     United States District Judge